IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 2 3 2013

CLERK, U.S. DISTRICT COURT
By_____
Deputy

TERRY HYMOND, ET AL.,           §
                                §
        Plaintiffs,             §
                                §
VS.                             §   NO. 4:13-CV-277-A
                                §
HSBC BANK USA, N.A., AS TRUSTEE §
FOR THE REGISTERED HOLDERS OF   §
NOMURA HOME EQUITY LOAN, INC.,  §
ASSET-BACKED CERTIFICATES,      §
SERIES 2007-3,                  §
                                §
        Defendant.              §

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter
jurisdiction over the above-captioned action.  Therefore, the
court is ordering the action remanded to the state court from
which it was removed.

I.

Background

Plaintiffs, Terry Hymond and Denise Hymond, initiated this
removed action by filing their original petition in the District
Court of Tarrant County, Texas, 17th Judicial District, against
defendant, HSBC Bank USA, N.A., as Trustee for the Registered
Holders of Nomura Home Equity Loan, Inc., Asset-Backed

Certificates, Series 2007-3.  The notice of removal asserted that this court had subject matter jurisdiction by reason of diversity of citizenship, as contemplated by 28 U.S.C. § 1332, because the amount in controversy exceeded the sum or value of $75,000.

As to the amount in controversy, defendant in the notice of removal contended that "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." Notice of Removal at 3 (internal citations omitted).  According to defendant, plaintiffs seek to enjoin defendant from evicting them from the property; if they are successful, defendant will lose its interest in the property.  Because the Tarrant Central Appraisal District has appraised plaintiffs' property at $179,300, this established the amount in controversy. Additionally, defendant claimed that the amount in controversy was established by plaintiffs' request for actual and treble damages, punitive damages, and attorney's fees.

Because of a concern that defendant had not provided the court with information that would enable the court to find the existence of the requisite jurisdictional amount, the court

2

ordered defendant to file an amended notice of removal, together

with supporting documentation, showing that the amount in

controversy exceeds the jurisdictional amount.   Defendant timely

complied with the court's order.

II.

Basic Principles

The court starts with a statement of basic principles

announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal

subject matter jurisdiction exists and that removal was proper."

Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723

(5th Cir. 2002).   "Moreover, because the effect of removal is to

deprive the state court of an action properly before it, removal

raises significant federalism concerns, which mandate strict

construction of the removal statute."[1]   Carpenter v. Wichita

Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995).

---

[1]The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:

[A]ny civil action brought in a State court of which the district courts of the United
States have original jurisdiction, may be removed by the defendant or the defendants, to
the district court of the United States for the district and division embracing the place
where such action is pending.

Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. <u>Manguno</u>, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. <u>Id.</u>; <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the perspective of the plaintiff. <u>See</u> <u>Garcia v. Koch Oil Co. of Texas Inc.</u>, 351 F.3d 636, 640 n.4 (5th Cir. 2003).

### III.

### The True Nature of Plaintiffs' Claims

The petition by which plaintiffs initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right

sought to be protected or the extent of the injury sought to be prevented.  Rather, the allegations of the petition are typical of many state court petitions that are brought before this court by notices of removal in which the plaintiffs make vague, general, and obviously legally baseless allegations in an attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiffs used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiffs' claims.  Having done so, and having considered the authorities and arguments cited by defendant in the amended notice of removal, the court remains unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

In the state court petition plaintiffs alleged that at some point after they executed the note and deed of trust used to purchase their property, the loan was securitized into a trust. When this occurred, the note and deed of trust became bifurcated. Plaintiffs claim defendant has failed to show it has the right or authority to foreclose on their property until it produces

evidence of the original signed promissory note and subsequent assignments, and they seek declarations to that effect.  Nothing in the petition, however, could lead to the conclusion that plaintiffs are the holder of the original note, or that plaintiffs would be entitled to enjoin foreclosure and eviction by whoever holds the original note, or that plaintiffs are entitled to outright title to the property.

Defendant in the amended notice of removal persists in its contention that the value of the property constitutes the amount in controversy.  However, nothing on the face of the petition indicates that such represents the amount plaintiffs are seeking in this litigation.  Defendant in the amended notice of removal relies essentially on the same arguments set forth in the notice of removal to support its contention, adding citations to opinions from other district courts, some from other jurisdictions, in support thereof.  The court is not persuaded by the non-binding authorities cited in the amended notice of removal.

Defendant also relies in part on <u>Waller v. Professional Insurance Corporation</u>, 296 F.2d 545, 547-48 (5th Cir. 1961), to

support its argument regarding the amount in controversy.  This court has previously explained its reasoning for finding <u>Waller</u> inapposite to determining the amount in controversy in cases such as the instant action.  See <u>Ballew v. America's Servicing Co.</u>, No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011). Defendant has failed to persuade the court otherwise.

The court finds nothing in the amended notice of removal as would establish by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.  Therefore, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

<u>Order</u>

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED April 23, 2013.

_____
JOHN McBRYDE
United States District Judge

7